**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Gina Maria Montemagni** | |
| | First Name   Middle Name   Last Name | |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | |

United States Bankruptcy Court   **District of Massachusetts**

Case number:   **21–30299**

Social Security number or ITIN   **xxx–xx–7762**

EIN   _ _–_ _ _ _ _ _ _

Social Security number or ITIN   _ _ _ _

EIN   _ _–_ _ _ _ _ _ _

Date case filed for chapter  **7   8/4/21**

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case        10/20

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

**To protect your rights, you may wish to consult an attorney.** All documents filed in the case may be inspected through PACER (Public Access to Court Electronic Records at  https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other document in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | **About Debtor 1:** | | **About Debtor 2:** |
|---|---|---|---|---|
| 1. | **Debtor's full name** | Gina Maria Montemagni | | |
| 2. | **All other names used in the last 8 years** | aka Gina M. Montemagi | | |
| 3. | **Address** | 130 Lawndale Street Chicopee, MA 01013 | | |
| 4. | **Debtor's attorney** Name and address | Robert J. Lefebvre Gelinas & Lefebvre, P.C. 554 Grattan Street Chicopee, MA 01020 | | Contact phone (413) 532–0010  Email: bob@attorneysgl.com |
| 5. | **Bankruptcy trustee** Name and address | Gary M. Weiner Weiner Law Firm, P.C. 1441 Main Street Suite 610 Springfield, MA 01103 | | Contact phone 413–732–6840  Email: GWeiner@Weinerlegal.com |

**For more information, see page 2>**

Debtor  **Gina Maria Montemagni**                                                        Case number **21–30299 –edk**

| 6. | **Bankruptcy clerk's office** | U.S. Bankruptcy Court<br>300 State Street, Suite 220<br>Springfield, MA 01105 | Hours open: Monday–Friday<br>8:30am–5:00pm |
|---|---|---|---|
|  | Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at pacer.uscourts.gov. |  | Contact phone 413–785–6900<br><br>Date: 8/9/21 |

| 7. | **Meeting of creditors** | **September 21, 2021 at 09:30 AM** | Location: |
|---|---|---|---|
|  | Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **The meeting will be held TELEPHONICALLY** |

<span style="color:red">**The dial–in number and participant code for the telephonic section 341 meeting of creditors will be posted to the docket within 14 days prior to the meeting. You may also contact the trustee for dial–in information.**</span>

| 8. | **Presumption of abuse** | The presumption of abuse does not arise. |
|---|---|---|
|  | If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. |  |

| 9. | **Deadlines** | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:** | **Filing deadline: 11/22/21** |
|---|---|---|---|
|  | Papers and any required fee must be received by the bankruptcy clerk's office **no later than the deadlines listed.** |  |  |
|  |  | **You must file a complaint:**<br><br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4) or (6).<br><br>**You must file a motion:**<br><br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). |  |
|  |  | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| 10. | **Deadline to file §503(b)(9) requests:** | Requests under Bankruptcy Code §503(b)(9)(goods sold within twenty(20) days of bankruptcy) must be filed in the Bankruptcy Clerk's office. | **Filing deadline:** 60 days from the first date set for the meeting of creditors |
|---|---|---|---|

| 11. | **Proof of claim** | For holder(s) of a claim secured by a security interest in the debtor's principal residence, pursuant to Rule 3002(c)7(A): | **Filing deadline:** 70 days from the Filing Date of the Petition |
|---|---|---|---|
|  |  | For creditors other than those holding a *Claim Secured by a Security Interest in the Debtor's Principal Residence:* A date has not been set yet. No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |  |

**For more information, see page 3>**

Debtor  **Gina Maria Montemagni**                                                Case number **21–30299 –edk**

| | |
|---|---|
| **12. Discharge of Debts** | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) or that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2),(4), or (6), you must file a complaint or a motion if you assert the discharge should be denied under §727(a)(8) or (a)(9) in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on line 9 of this form. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that deadline. |
| **13. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **14. Financial Management Training Program Deadline for the Debtor** | **Deadline for debtor to attend a financial management training program approved by the United States Trustee: Sixty (60) days from the first date set for the meeting of creditors.** The discharge will not enter if the debtor fails to attend a financial management–training program approved by the United States Trustee or if the debtor attends such training and fails to file a certificate of completion with the U.S. Bankruptcy Court. The training is in addition to the pre–bankruptcy counseling requirement. A list of approved courses may be obtained from the United States Trustee or from the court's website at  www.mab.uscourts.gov. |
| **15. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |
| **16. Abandonment of Estate Property** | Notice is hereby given that any creditor or other interested party who wishes to receive notice of the estate representative's intention to abandon property of the estate pursuant to 11 U.S.C. §554(a) must file with the Court and serve upon the estate representative and the United States trustee a written request for such notice within fourteen (14) days from the date first scheduled for the meeting of creditors. |

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case**                                                page **3**